No. 2660

Second Circuit

———

## SHUMAKE v. GREMILLION

———

(June 2, 1926, Opinion and Decree)

———

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Brokers—Par. 17.**

A real estate agent is not entitled to a commission if the owner did not give him the exclusive right of sale, but merely listed it with him and other agents and the sale of the property was effected through the efforts of another agent, although he spoke to the purchaser in regard to the sale.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Edward M. Shumake against L. Blum Gremillion. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

T. A. Carter, of Alexandria, attorney for plaintiff, appellant.

Thornton, Gist and Richey, of Alexandria, attorneys for defendant, appellee.

ODOM, J.    The defendant, L. Blum Gremillion, owned certain property in the city of Alexandria located at the corner of Sixth and Desoto streets which he desired to sell and to that end he listed it with the plaintiff, Shumake, who was a real estate broker. The price fixed on the property by the owner was $9,000.00, and he agreed with the plaintiff that if he would find a purchaser for the property at that price he would allow him a commission of 5% for making the sale, with the understanding, however, that if the plaintiff procured an offer for the property at a less price he should submit whatever offer he got back to the defendant for his consideration.

Gremillion, the defendant, later on sold the property in question to Mrs. Maddox for the price of $8,500.00 through another real estate broker by the name of Chambers. The plaintiff now claims that Mrs. Maddox was his client and that she having purchased the property and the same having been listed with him he is entitled to the 5% commission, and he brings this suit to recover the sum of $425.00.

It is plaintiff's contention that he found the purchaser and brought her and the owner of the property together and that it was through his efforts and instrumentality that the sale was made and that he is therefore entitled to his commission under the law and the prevailing custom in such matters, and he quotes the case of Huger vs. Ransom, 134 La. 696, 64 South. 682, as authority and urges that that case is parallel to the one at bar.

In that case it was held that a broker is entitled to his commission where he shows that he was the procuring cause of the sale under a contract with the owner. There can be no question that where property is listed with a real estate broker and he finds a purchaser for it and brings the purchaser and seller together at an agreed price the broker is entitled to his commission; but as a matter of fact the plaintiff in this case did not find the purchaser for the property and bring her and the seller together, so that under the facts of the case the plaintiff is not entitled to recover.

In the latter part of the year 1924, Mrs. Maddox, who owned some property situated in a rural section near Alexandria, listed it with plaintiff for sale. At the same time the defendant, Gremillion, had listed his property with the plaintiff and it seems that the plaintiff attempted to negotiate a trade between Mrs. Maddox and the defendant, but these negotiations failed and subsequently plaintiff procured a purchaser for the property of Mrs. Maddox.

After Mrs. Maddox sold her country property, it seems that she desired to purchase property in the city of Alexandria and her husband, Robert G. Maddox, acting as her agent, went to see plaintiff and made some inquiry with reference to the property which the defendant owned. This was some sixty days, according to the testimony of Gremillion, after the negotiations between him and Mrs. Maddox had been broken off. After the sale of Mrs. Maddox's country property the plaintiff said nothing further to the defendant with reference to the sale of defendant's property. However, when Robert G. Maddox approached the plaintiff with reference to purchasing the city property which Gremillion then owned the plaintiff told Maddox that the property could be purchased for the sum of $10,000.00. At that time it was not known by either plaintiff or Maddox what Gremillion had paid for the property, and plaintiff suggested that they would find out, and it being understood that the recorder's office closed at 12 o'clock on Saturday and for that reason they could not get the information from the records, the plaintiff suggested to Maddox that he see Mr. Chambers who had negotiated the trade for Gremillion when he bought the property. Maddox at once went to Chambers and asked him what Gremillion had paid for the property and was told by Chambers that he, Chambers, thought that the property could be purchased for $8,500.00, whereupon Maddox told Chambers that if he could buy the property at that price and on terms which he could meet he would probably purchase it. Thereupon Chambers went to Gremillion and told him that he had a purchaser who would probably take the property at $8,500.00 provided the terms could be made satisfactory. Chambers did not at that time tell Gremillion who the prospective purchaser was.

Gremillion agreed to accept the price offered and authorized Chambers to close the deal, whereupon Chambers informed Gremillion that Maddox was the prospective purchaser.

Subsequently Chambers and Gremillion went to the residence of Maddox in the city of Alexandria where the deal for the sale of the property was closed.

The plaintiff admits that he made a price of $10,000.00 to Maddox, but says that he suggested to Maddox that the property might be obtained at a less price, and he admits that he did not advise Gremillion, the defendant, that he had a prospective purchaser for his property. When he found that Maddox was in the market for the property all that he did was to suggest to Maddox that he find out from Chambers what Gremillion had paid for the property. That was the last meeting between plaintiff and Maddox prior to the sale.

Gremillion, the defendant, had listed the property for sale not only with the plaintiff but with three other real estate brokers in the city of Alexandria, the terms given to each being the same. The plaintiff did not have an exclusive right of sale. The property having been listed with Chambers for sale, he began negotiations with Gremillion as soon as he found that Maddox was in the market for the property, and according to the testimony the sale was effected through the efforts of Chambers and not through those of the plaintiff. Under these conditions the plaintiff is not entitled to a commission. These were the conclusions of the district judge who rejected plaintiff's demand and dismissed his suit.

Finding no error in the judgment appealed from, it is accordingly affirmed.